NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-56869 |
| Plaintiff-Appellee, | D.C. No. 8:12-cv-00219-DOC-JPR |
| v. | |
| MICHAEL BRANDNER; EVERGREEN CAPITAL, LLC, | MEMORANDUM[*] |
| Claimants-Appellants, | |
| $4,656,085.10 IN BANK FUNDS, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 14, 2017
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  KOZINSKI,** HAWKINS, and PARKER,*** Circuit Judges.

Claimants-Appellants Michael Brandner and Evergreen Capital, LLC (together, "Brandner") appeal from the District Court's denial of Brandner's motion under Federal Rule of Civil Procedure 60(b)(1) to vacate the default judgment the District Court entered in favor of the government in this civil forfeiture action.

When, as here, a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," a court must consider three disjunctive factors; a finding that any one factor is true constitutes sufficient reason for the court to refuse to vacate a default judgment. *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015). These factors are (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had a meritorious defense; or (3) whether vacating the default judgment would prejudice the other party. *Id.* "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1095, 1092 (9th Cir.

---

\*\*      Prior to his retirement, Judge Kozinski fully participated in this case and concurred in this disposition after deliberations were complete.

\*\*\*      The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

2010) (quotation marks omitted). When evaluating the culpability of a legally sophisticated party, "an understanding of the consequences of [the party's] actions may be assumed, and with it, intentionality." *Id.* at 1093 (citation omitted).

Brandner was properly served, understood the nature of the case and the claims he faced, and acted upon the advice of counsel. Counsel advised him that making a claim in the civil forfeiture action might increase the likelihood of criminal charges being brought against him and might delay adjudication of his wife's claim in the forfeiture action. He then made a strategic decision to default. He now argues that his failure to respond to the complaint constitutes excusable neglect because his decision to default was based upon legal advice he now deems unsound.

We see no excusable neglect. To the contrary, we see no neglect at all. After consulting with his counsel, Brandner deliberately chose not to respond as part of a strategy to lessen his potential criminal exposure and to advantage his wife's claim to the funds. The District Court was well within its discretion in concluding that Brandner's culpable conduct led to the default judgment and, thus, did not constitute excusable neglect.

We have considered Brandner's other arguments and conclude they are meritless.

**AFFIRMED.**

3